J-S58028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN CATAQUET, | |
| Appellant | No. 2029 MDA 2014 |

Appeal from the Judgment of Sentence of February 22, 2010
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001318-2008

BEFORE:  GANTMAN, P.J., OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 03, 2016**

Appellant, John Cataquet, appeals from the judgment of sentence entered on February 22, 2010.   After careful consideration, we are constrained to vacate Appellant's judgment of sentence and remand for resentencing.

The trial court ably explained the underlying facts of this case:

> [The victim, J.R., was born in April 1995 and] was [14] years old at the time of trial[.  In 2001 or 2002, when J.R. was six years old,] Appellant began sexually abusing [her. N.T. Trial, 9/15/09, at 70.]  Appellant knew J.R. through her aunt, to whom Appellant was married.  Appellant would frequently babysit J.R. and her two younger brothers at [Appellant's] house. . . .   J.R. detailed the attic where Appellant would take her and her siblings while babysitting and where the [abuse] occurred.  J.R. testified that . . . Appellant would take her into a small room in the attic, have her [lie] down on blankets[,] and touch her with [his] hands, mouth, and penis, and do what she described as "humping" – rub[bing] his body on hers back and forth with their clothes on.  She testified that he digitally penetrated

* Retired Senior Judge assigned to the Superior Court

her vagina [while] her pants [were] pulled down, kissed her, touched her vagina with his mouth, forced her to perform oral sex on him, and rubbed his penis on her vagina. . . . [J.R. testified that Appellant abused her in this manner "just about every[] day for about a year" – and that she was seven years old the "last [time she was] at that house that had the attic." N.T. Trial, 9/15/09, at 81-83. Therefore, according to J.R., the last time Appellant could have abused her was in April 2003.]

J.R. kept this [abuse] secret for years until March[] 2008, when she decided to come forward and report the abuse to the police. On March 24, 2008, J.R. was examined by Nurse Practitioner Sandra Federo at the Children's Advocacy Center, who found that although there was no physical evidence of sexual assault, such a finding was consistent with the timing of the disclosure, as well as the type of abuse disclosed by J.R.

On April 9, 2008, as part of his investigation into J.R.'s complaint, Detective Timothy Mayo of the Scranton Police Department contacted Appellant *via* telephone and requested an interview at the police station. On April 10, 2008, Appellant was interviewed by Detective Mayo at the Scranton Police Department[. Appellant] was advised of his [**Miranda**[1]] rights[,] and [Appellant] then gave a written statement denying all of J.R.'s allegations. . . .

The following day[,] . . . Appellant was [] questioned by Detective Lieutenant Joseph Lafferty as part of the investigation. Appellant admitted to and then signed a written statement [declaring] that he digitally penetrated J.R. twice, but [denied] ever exposing his penis to the victim, denied touching his penis to her vagina, den[ied] using his tongue on J.R.'s vagina, and denied ever forcing J.R. to perform oral sex on him. In response to the detective questioning what else happened with J.R., Appellant stated[,] "[i]t looked like she kind of liked it. Every time she came to the house, it felt like she wanted to

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

do it." [Appellant] then agreed to take the detectives to the place where he violated J.R. He took them to a house on Albright Avenue. At that point[,] the detectives took Appellant back to police headquarters and placed him under physical arrest and began booking procedures.

Trial Court Opinion, 10/15/15, at 1-4 (some internal citations and capitalization omitted).

The Commonwealth later charged Appellant with two counts of aggravated indecent assault of a person less than 13 years of age, two counts of involuntary deviate sexual intercourse (hereinafter "IDSI") with a person less than 13 years of age, and one count each of indecent assault of a person less than 13 years of age, endangering the welfare of children, corruption of minors, and unlawful contact with a minor.[2] Commonwealth's Information, 6/20/08, at 1-3.

Appellant proceeded to a jury trial where the above evidence was presented. Moreover, during trial, J.R.'s mother testified she "le[ft J.R.] in the care of [Appellant]" when J.R. was seven years old. N.T. Trial, 9/16/09, at 95.

On September 21, 2009, the jury found Appellant guilty of all charges. Moreover, on the verdict slip, the jury specifically determined that

---

[2] 18 Pa.C.S.A. §§ 3125(a)(7), 3123(a)(6) (effective from 1995 until February 6, 2003), 3126(a)(7), 4304(a), 6301(a)(1), and 6318(a)(1), respectively.

Appellant's two aggravated indecent assaults on J.R. occurred "between January [] 2002 [and] January 2003." Verdict Slip, 9/22/09, at 1.

On February 22, 2010, the trial court sentenced Appellant to serve an aggregate term of 204 to 408 months in prison, followed by 16 years of special probation. Specifically, the trial court sentenced Appellant to serve: a mandatory minimum term of 36 to 72 months in prison (pursuant to 42 Pa.C.S.A. § 9718), plus two years of special probation, on both counts of aggravated indecent assault of a person less than 13 years of age (18 Pa.C.S.A. § 3125(a)(7)); a mandatory minimum term of 66 to 132 months in prison (pursuant to 42 Pa.C.S.A. § 9718), plus two years of special probation, on both counts of IDSI upon a person less than 13 years of age (18 Pa.C.S.A. § 3123(a)(6));[3, 4] and, two years of probation each on the

_____

[3] During sentencing, the trial court apparently believed that Appellant was convicted of IDSI upon a person who was less than 16 years of age. *See* N.T. Sentencing, 2/22/10, at 8. This belief was, however, incorrect. Indeed, at trial, the trial court instructed the jury as follows:

> The next count is involuntary deviate sexual intercourse with a child. A person commits involuntary deviate sexual intercourse with a child when the person engages in deviate sexual intercourse with a child who is less than 13 years of age.
>
> . . .
>
> [I]t's immaterial whether the child consented to the contact. The consent of a child is no defense.
>
> It is also no defense that the defendant did not know the age of the child or the child lied [about] her age or the

*(Footnote Continued Next Page)*

(Footnote Continued) _____

> defendant honestly believed that the child was 13 or older or that the defendant reasonably believed that the child was 13 or older.
>
> Therefore, in order to find [Appellant] guilty of this offense you must find that the following two elements have been proven beyond a reasonable doubt:
>
> First, that [Appellant] engaged in deviate sexual intercourse with a child, namely, [J.R.].
>
> Second, that the child, [J.R.], was less than 13 years of age at the time the offense occurred.

N.T. Trial, 9/21/09, at 116-118.

Appellant did not object to this jury instruction. Therefore, when the jury pronounced, in open court, that Appellant was guilty of "Count 3, involuntary deviate sexual intercourse with a child" and "Count 4, involuntary deviate sexual intercourse with a child," the jury – in fact – found Appellant guilty of IDSI with a person who was "less than 13 years of age." ***See Commonwealth v. Zlatovich***, 269 A.2d 469, 473 (Pa. 1970) ("[t]he only act performed by the jury to which any legal significance is attached is the [r]endering of the verdict. The verdict as uttered is the sole embodiment of the jury's act") (internal quotations and corrections omitted). We acknowledge that the Commonwealth's information is fairly ambiguous with respect to the IDSI charge – and that it can be read as supporting a charge of IDSI upon an individual who is "less than 13 years of age" and IDSI upon an individual who is "less than 16 years of age." ***See*** 18 Pa.C.S.A. § 3123(a)(6) (effective from 1995 until February 6, 2003); Commonwealth's Information, 6/20/08, at 1-2. Nevertheless, Appellant did not object to the ambiguity in the information or to the trial court's jury instruction. Further, since the information supports the charge of IDSI upon an individual who is "less than 13 years of age" and since Appellant was, in fact, found guilty of IDSI upon an individual who is "less than 13 years of age," we conclude that Appellant was convicted of IDSI upon an individual who is "less than 13 years of age."

[4] From 1995 until February 6, 2003, the IDSI statute – 18 Pa.C.S.A. § 3123 – defined the crime of "deviate sexual intercourse with a complainant . . . who is less than 13 years of age," at 18 Pa.C.S.A. § 3123(a)(6). 18
*(Footnote Continued Next Page)*

charges of indecent assault of a person less than 13 years of age, endangering the welfare of children, corruption of minors, and unlawful contact with a minor. The trial court ordered each sentencing term to run consecutively to one another.

As noted above, the trial court utilized the mandatory minimum sentencing statute found at 42 Pa.C.S.A. § 9718 to sentence Appellant to mandatory minimum terms of imprisonment for the following convictions: two counts of aggravated indecent assault of a person less than 13 years of age (18 Pa.C.S.A. § 3125(a)(7)) and two counts of IDSI with a person less than 13 years of age (18 Pa.C.S.A. § 3123(a)(6)). The trial court never specified the version of 42 Pa.C.S.A. § 9718 it employed when it sentenced Appellant to the particular mandatory minimum terms.

Appellant did not file a notice of appeal from his judgment of sentence.

_(Footnote Continued)_ ——————————

Pa.C.S.A. § 3123(a)(6) (effective from 1995 until February 6, 2003). Effective February 7, 2003 until February 13, 2003, the legislature moved the definition of the crime of "deviate sexual intercourse with a complainant who is less than 13 years of age" to 18 Pa.C.S.A. § 3123(c). 18 Pa.C.S.A. § 3123(c) (effective from February 7, 2003 until February 13, 2003). Finally, effective February 14, 2003, the legislature moved the crime of "deviate sexual intercourse with a complainant who is less than 13 years of age" to its current location at 18 Pa.C.S.A. § 3123(b). **See** 18 Pa.C.S.A. § 3123(b). Nevertheless, since the iterations of the statute constitute mere re-numberings and do not change the substantive nature of the crime, for purposes of this memorandum we will cite to the version of the IDSI statute that was in effect from 1995 until February 6, 2003 – 18 Pa.C.S.A. § 3123(a)(6).

On January 9, 2011, Appellant filed a timely, *pro se* petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. ***See Commonwealth v. Cataquet***, 100 A.3d 302 (Pa. Super. 2014) (unpublished memorandum) at 3. Although the PCRA court dismissed Appellant's PCRA petition without holding a hearing, this Court on appeal vacated the PCRA court's order and concluded that the PCRA court erred when it dismissed the petition. In essence, we concluded that Appellant was entitled to a hearing to determine whether his trial counsel was ineffective for failing to file a direct appeal from the judgment of sentence. ***Id.*** at 19-20.

On remand, the PCRA court concluded that Appellant was entitled to relief on his claim that his trial counsel was ineffective for failing to file a direct appeal. Therefore, by order entered on November 18, 2014, the PCRA court reinstated Appellant's right to file a direct appeal *nunc pro tunc*. Appellant filed a timely notice of appeal from his judgment of sentence. Now on appeal, Appellant raises the following claims:

> [1.] Whether the trial court erred in permitting Commonwealth experts to testify as to their belief that the victim was being truthful in her accusations [against] Appellant?
>
> [2.] Whether Appellant was unlawfully sentenced pursuant to unconstitutional mandatory minimum sentencing provisions?

Appellant's Brief at 7 (some internal capitalization omitted).[5]

Appellant first claims that the trial court erred when it "permitt[ed two] Commonwealth experts to testify as to their belief that the victim was being truthful in her accusations [against] Appellant." Appellant's Brief at 7 and 15. This claim is waived, as Appellant did not object to the alleged inappropriate testimony at trial. *See* N.T. Trial, 9/16/09, at 158-162 and 181-184; *Commonwealth v. Pearson*, 685 A.2d 551, 555 (Pa. Super. 1996) ("[f]ailure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal"); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *see also Commonwealth v. Baumhammers*, 960 A.2d 59, 73 (Pa. 2008) (holding that, where the appellant was required to lodge a contemporaneous objection to the evidence at trial and failed to do so, setting forth the issue in a post-sentence motion did not preserve the issue on appeal).

For Appellant's second claim on appeal, he contends that his sentence is illegal, as he was sentenced to four mandatory minimum terms of imprisonment under 42 Pa.C.S.A. § 9718. Appellant's Brief at 11. Appellant bases his contention on *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015), where this Court

---

[5] For ease of discussion, we have re-ordered Appellant's claims on appeal.

held that a version of Section 9718 that was in effect from January 1, 2007 until August 17, 2014, was unconstitutional in light of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013) and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*).[6]

We conclude that Appellant's sentence is illegal, but not for the reason cited by Appellant. Rather, we conclude that the trial court illegally sentenced Appellant to two mandatory minimum terms of imprisonment for aggravated indecent assault of a person less than 13 years of age (18 Pa.C.S.A. § 3125(a)(7)), in violation of the prohibition against *ex post facto* laws. We also conclude that Appellant's two mandatory minimum sentences for IDSI are not illegal in light of either *Wolfe* or *Alleyne*. Nevertheless, since we conclude that Appellant's two mandatory minimum terms of imprisonment for aggravated indecent assault have caused his sentence to be illegal, we must vacate these two sentencing terms. Further, since the

_____

[6] On August 12, 2015, our Supreme Court granted the Commonwealth's petition for allowance of appeal in *Wolfe* and agreed to consider the following claim:

> Whether the Superior Court of Pennsylvania's *sua sponte* determination that the ten year mandatory minimum sentence for involuntary deviate sexual intercourse (Person less than 16 years) imposed pursuant to 42 Pa.C.S.A. § 9718(a)(1) is facially unconstitutional is erroneous as a matter of law?

*Commonwealth v. Wolfe*, 121 A.3d 433 (Pa. 2015) (*per curiam* order).

trial court ordered that all of Appellant's sentences be served consecutively to one another, it is likely that our disposition disturbs the trial court's overall sentencing scheme. Therefore, we vacate Appellant's entire judgment of sentence and remand for resentencing. We will explain.

As this Court has held, "[a]pplication of a mandatory minimum sentence gives rise to illegal sentence concerns, even where the sentence is within the statutory limits." *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*). "Legality of sentence questions are not waivable and may be raised *sua sponte* by this Court." *Id.* "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Ali*, 112 A.3d 1210, 1225 (Pa. Super. 2015) (internal corrections omitted).

The mandatory minimum sentencing statute in this case – 42 Pa.C.S.A. § 9718 – was originally enacted on December 30, 1982, with the legislation effective 60 days from the date of enactment. Section 9718 was then amended in 1995, 2004, 2006, and 2014. In this case, the trial court did not identify the version (or versions) of Section 9718 that it applied when it sentenced Appellant. Nevertheless, it is apparent that, when the trial court sentenced Appellant to serve the two mandatory minimum terms of imprisonment for aggravated indecent assault of a person less than 13 years of age (18 Pa.C.S.A. § 3125(a)(7)), the trial court employed the version of Section 9718 that was in effect from November 30, 2004 until

December 31, 2006.[7]  This conclusion is a result of several factors.  First,

the version of Section 9718 that was in effect from November 30, 2004 until

December 31, 2006 provides for the penalties that Appellant actually

received for his aggravated indecent assault convictions.  Specifically, the

version of Section 9718 that was in effect from November 30, 2004 until

December 31, 2006 provides:

> **(a) Mandatory sentence.—**
>
> . . .
>
> (3) A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows:
>
> > 18 Pa.C.S. § 3125(a)(7) – not less than two and one-half years.

42 Pa.C.S.A. § 9718 (effective from November 30, 2004 until December 31,

2006).

This version of Section 9718 thus corresponds with Appellant's

sentences of three to six years' imprisonment for aggravated indecent

assault of a person less than 13 years of age (18 Pa.C.S.A. § 3125(a)(7)).

Second, when Section 9718 was amended in 2004, the legislature

specifically declared that 42 Pa.C.S.A. § 9718(a)(3) – which established the

_____

[7] Appellant has failed to identify the version of Section 9718 under which he was sentenced and Appellant has never claimed that the trial court committed any error in sentencing him under the particular version of Section 9718 that it did.  **See** Appellant's Brief at 11-15.

- 11 -

mandatory minimum sentence for aggravated indecent assault of a person less than 13 years of age (18 Pa.C.S.A. § 3125(a)(7)) – would have retroactive effect. In particular, the Act of November 30, 2004, P.L. 1703, No. 217, § 6 declares: "[t]he addition of 42 Pa.C.S.A. § 9718(a)(3) shall apply to individuals sentenced on or after the effective date of this section." Act of November 30, 2004, P.L. 1703, No. 217, § 6. Therefore, since Appellant was sentenced "on or after" November 30, 2004, the legislation declared that the trial court must apply Section 9718(a)(3) to Appellant's conviction for aggravated indecent assault of a person less than 13 years of age (18 Pa.C.S.A. § 3125(a)(7)).

Third, under the prior version of 42 Pa.C.S.A. § 9718 – which was in effect from 1995 until November 29, 2004 – the statute did not provide a mandatory minimum punishment for violation of aggravated indecent assault of a person less than 13 years of age (18 Pa.C.S.A. § 3125(a)(7)).[8] **See** 42 Pa.C.S.A. § 9718(a) (effective from 1995 until November 29, 2004) ("A person convicted of the following offenses when the victim is less than 13 years of age shall be sentenced to a mandatory term of imprisonment as

_____

[8] We note that, at the time Appellant committed the aggravated indecent assault upon J.R., aggravated indecent assault upon a complainant who is less than 13 years of age was codified at 18 Pa.C.S.A. § 3125(7). **See** 18 Pa.C.S.A. § 3125(7) (effective from 1995 until February 6, 2003). However, the version of 42 Pa.C.S.A. § 9718 which was in effect from 1995 until November 29, 2004 also did not provide a penalty for violation of 18 Pa.C.S.A. § 3125(7).

follows: . . . 18 Pa.C.S. 3125(**1**) through (**6**) (relating to aggravated indecent assault) – not less than two and one-half years") (emphasis added). Therefore, since Appellant received a mandatory minimum sentence for violating 18 Pa.C.S.A. § 3125(a)(7), the trial court could not have sentenced Appellant under the version of Section 9718 that was in effect from 1995 until November 29, 2004.

Finally, the version of Section 9718 that was in effect at the time of sentencing provided far more severe mandatory minimum prison terms for aggravated indecent assault than what Appellant received. **See** 42 Pa.C.S.A. § 9718(a) (effective from January 1, 2007 until August 17, 2014) (providing: "(3) A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows: . . . 18 Pa.C.S. § 3125(a)(7) – not less than **five years**") (emphasis added).

As such, with respect to Appellant's sentences for aggravated indecent assault of a person less than 13 years of age (18 Pa.C.S.A. § 3125(a)(7)), the trial court could only have applied the version of Section 9718 that was in effect from November 30, 2004 until December 31, 2006.

In the case at bar, however, the jury concluded that Appellant committed the aggravated indecent assaults upon J.R. "**between January [] 2002 [and] January 2003**." Verdict Slip, 9/22/09, at 1 (emphasis added). Further, as noted above, at the time Appellant committed the aggravated indecent assaults upon J.R., Section 9718 did not provide for any mandatory minimum sentence for the violation of 18 Pa.C.S.A. § 3125(a)(7).

- 13 -

*See* 42 Pa.C.S.A. § 9718(a) (effective from 1995 until November 29, 2004) ("A person convicted of the following offenses when the victim is less than 13 years of age shall be sentenced to a mandatory term of imprisonment as follows: . . . 18 Pa.C.S. 3125(**1**) through (**6**) (relating to aggravated indecent assault) – not less than two and one-half years") (emphasis added). Because the trial court imposed a mandatory minimum sentence for aggravated indecent assault of a person who is less than 13 years of age (18 Pa.C.S.A. § 3125(a)(7)) that did not exist at the time Appellant committed his offenses, Appellant's mandatory minimum sentences for aggravated indecent assault of a person who is less than 13 years old (18 Pa.C.S.A. § 3125(a)(7)) are in violation of the prohibition against *ex post facto* laws and are illegal. **Commonwealth v. Rose**, ____ A.3d ____, 2015 WL 7283338 (Pa. 2015) (holding that "a defendant convicted of third-degree murder must be sentenced under the sentencing statute in effect at the time the defendant committed the ultimately deadly assault upon the victim," and not under the sentencing statute that existed at the time the victim actually died, some 14 years later); **Alleyne v. United States**, ____ U.S. ____, 133 S.Ct. 2151, 2160-2161 (2013) ("criminal statutes have long specified both the floor and ceiling of sentence ranges, which is evidence that both define the legally prescribed penalty. This historical practice allowed those who violated the law to know, *ex ante,* the contours of the penalty that the legislature affixed to the crime – and comports with the obvious truth that the floor of a mandatory range is as relevant to wrongdoers as the ceiling").

- 14 -

We must therefore vacate Appellant's sentences for aggravated indecent assault of a person less than 13 years of age (18 Pa.C.S.A. § 3125(a)(7)).

With respect to Appellant's IDSI convictions, J.R. specifically testified: that she was six years old when Appellant began molesting her; that Appellant abused her "just about every[] day for about a year;" and, that she was seven years old the "last [time she was] at that house that had the attic." N.T. Trial, 9/15/09, at 81-83. Since J.R. was born in April 1995, the last time Appellant could have committed IDSI upon J.R. was April 2003. However, the version of 42 Pa.C.S.A. § 9718 that was in effect from 1995 until November 29, 2004 and the version of 42 Pa.C.S.A. § 9718 that was in effect from November 30, 2004 until December 31, 2006 provide the same mandatory minimum punishment for the offense of IDSI. Given this, we shall treat the trial court's sentencing order as imposing the sentencing provisions included within the version of Section 9718 that was in effect from 1995 until November 29, 2004. In this connection, we note that, not only do Appellant's sentences of five-and-a-half to eleven years' imprisonment for IDSI with a person less than 13 years of age (18 Pa.C.S.A. § 3123(a)(6)) correspond with the version of 42 Pa.C.S.A. § 9718 that was in effect from 1995 until November 29, 2004, but the version of 42 Pa.C.S.A. § 9718 that was in effect at the time of sentencing provided far more severe mandatory minimum prison terms than what Appellant received. *See* 42 Pa.C.S.A. § 9718(a) (effective from January 1, 2007 until August 17, 2014) (providing: "[a] person convicted of the following offenses when the victim

is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows: . . . 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse) – not less than **ten years**").[9]   Therefore, with respect to Appellant's two mandatory minimum sentences for IDSI, we conclude that the trial court applied the version of 42 Pa.C.S.A. § 9718 that was in effect from 1995 until November 29, 2004.

We must now determine whether Appellant's mandatory minimum sentences for IDSI with a person who is less than 13 years of age are illegal

---

[9] Again, we note that the penalties for IDSI were identical under the version of Section 9718 that was in effect from 1995 until November 29, 2004 and the version of Section 9718 that was in effect from November 30, 2004 until December 31, 2006.  **Compare** 42 Pa.C.S.A. § 9718 (effective from 1995 until November 29, 2004) ("[a] person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows: . . . 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse) – not less than five years"); 42 Pa.C.S.A. § 9718 (effective from November 30, 2004 until December 31, 2006) (same).

Further, the trial court's error at sentencing – where the trial court concluded that Appellant was convicted of IDSI of a person who was "less than 16 years of age" when the jury, in fact, found Appellant guilty of IDSI with a person who was "less than 13 years of age" – is harmless in light of the fact that both versions of 42 Pa.C.S.A. § 9718 provide a five-year mandatory minimum sentence for violating "18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse) . . . when the victim is under **16** years of age."  **Compare** 42 Pa.C.S.A. § 9718 (effective from 1995 until November 29, 2004) ("[a] person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows: . . . 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse) – not less than five years"); 42 Pa.C.S.A. § 9718 (effective from November 30, 2004 until December 31, 2006) (same).

in light of **Wolfe** and **Alleyne**.[10] In this case, Appellant was sentenced to two mandatory minimum terms of imprisonment for IDSI, under the version of Section 9718 that was in effect from 1995 until November 29, 2004 – and **not** under the version of the statute that this Court held unconstitutional in **Wolfe**. Further, the version of Section 9718 that was effective from 1995 until November 29, 2004 did not contain any provision or subsection that the **Wolfe** Court later held unconstitutional. Therefore, we conclude that **Wolfe** does not control this case and that **Wolfe** does not invalidate the version of Section 9718 under which Appellant was sentenced. Hence, Appellant's sentence is not illegal under **Wolfe**. We also conclude that Appellant's sentence is not illegal in light of **Alleyne**. We will explain.

In **Apprendi v. New Jersey**, 530 U.S. 466 (2000), the United States Supreme Court held: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi**, 530 U.S. at 489. Further, in **Alleyne**, the United States Supreme Court expanded "**Apprendi's** basic jury-determination rule to mandatory minimum sentences." **Alleyne**, ___ U.S. at ___, 133 S.Ct. at 2167 (Breyer, J., concurring). Specifically, the **Alleyne** Court held that,

---

[10] We need not undertake any **Alleyne** analysis for Appellant's aggravated indecent assault convictions, as we have found that there is no statutory mandatory minimum punishment that applies to those offenses. **See supra.**

where an "aggravating fact" increases a mandatory minimum sentence, "the fact is an element of a distinct and aggravated crime. [The fact] must, therefore, be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2162-2163. The *Alleyne* Court explained:

> It is indisputable that a fact triggering a mandatory minimum alters the prescribed range of sentences to which a criminal defendant is exposed. . . . And because the legally prescribed range **is** the penalty affixed to the crime . . . it follows that a fact increasing either end of the range produces a new penalty and constitutes an ingredient of the offense. . . .
>
> It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime. Indeed, criminal statutes have long specified both the floor and ceiling of sentence ranges, which is evidence that both define the legally prescribed penalty. This historical practice allowed those who violated the law to know, *ex ante,* the contours of the penalty that the legislature affixed to the crime – and comports with the obvious truth that the floor of a mandatory range is as relevant to wrongdoers as the ceiling. A fact that increases a sentencing floor, thus, forms an essential ingredient of the offense.
>
> Moreover, it is impossible to dispute that facts increasing the legally prescribed floor **aggravate** the punishment. Elevating the low-end of a sentencing range heightens the loss of liberty associated with the crime: the defendant's expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish. Why else would Congress link an increased mandatory minimum to a particular aggravating fact other than to heighten the consequences for that behavior? This reality demonstrates that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury . . . and found beyond a reasonable doubt.

- 18 -

*Alleyne*, 113 S.Ct. at 2160-2161 and 2163 (emphasis in original) (internal quotations, citations, and parenthetical information omitted).

At the time *Alleyne* was decided, many of Pennsylvania's mandatory minimum sentencing statutes were written in an identical format. As an example of this format, we shall quote the mandatory minimum sentencing statute found at 18 Pa.C.S.A. § 7508. In relevant part, 18 Pa.C.S.A. § 7508 provides:

> **(a) General rule.--**Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
>
> > (1) A person who is convicted of [possessing a controlled substance with the intent to deliver] where the controlled substance is marijuana shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
> >
> > > (i) when the amount of marijuana involved is at least two pounds, but less than ten pounds, or at least ten live plants but less than 21 live plants; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity . . .
> >
> > . . .
>
> **(b) Proof of sentencing.--**Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to

present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

**(c) Mandatory sentencing.--**There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole or work release or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than provided herein. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided herein. . . .

**(d) Appellate review.--**If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section. . . .

18 Pa.C.S.A. § 7508.

Following ***Alleyne***, mandatory minimum sentencing statutes that followed the above format were generally deemed unconstitutional, as they provided that:  the "aggravating facts" contained in the mandatory minimum statute were not elements of the crime; notice of either the "aggravating facts" or of the applicability of the mandatory minimum sentencing statute was not required prior to conviction; the applicability of the mandatory minimum statute was to be determined at sentencing; the Commonwealth need only prove the "aggravating facts" by a preponderance of the evidence; a judge – and not a jury – was to act as the fact-finder for purposes of determining the "aggravated facts;" and, if the "sentencing court refuse[d]

to apply [the mandatory minimum sentence] where applicable, the Commonwealth shall have the right to appellate review of the actions of the sentencing court." *See*, *e.g.*, 18 Pa.C.S.A. § 7508(a)-(d); *see also Commonwealth v. Mosley*, 114 A.3d 1072 (Pa. Super. 2015) (holding that 18 Pa.C.S.A. § 7508 is unconstitutional in light of *Alleyne*); *Commonwealth v. Fennell*, 105 A.3d 13 (Pa. Super. 2014) (holding that *Alleyne* renders 18 Pa.C.S.A. § 7508 unconstitutional in its entirety); *see also Commonwealth v. Hopkins*, 117 A.3d 247, 258-259 (Pa. 2015) ("[a]fter *Alleyne,* these aspects of the statute – that the provisions are declared not to be elements of the offense, that notice is not required prior to conviction, that factfinding is conducted at sentencing, that the sentencing court performs factfinding, that the applicable standard is preponderance of the evidence, and that the Commonwealth has the right to appeal where the imposed sentence was found to be in violation of the statute – are now infirm").

Further, in *Newman*, an *en banc* panel of this Court held that the above-summarized, unconstitutional provisions of Pennsylvania's mandatory minimum sentencing statutes were not severable from the remaining, valid provisions of the statutes. Therefore, *Newman* held that mandatory minimum sentencing statutes such as 18 Pa.C.S.A. § 7508 were unconstitutional in their entirety. *Newman*, 99 A.3d at 86. Later, in *Hopkins*, our Supreme Court agreed with *Newman* and held that

mandatory minimum sentencing statutes such as 18 Pa.C.S.A. § 7508 were wholly unconstitutional. ***Hopkins***, 117 A.3d at 247.

In ***Commonwealth v. Wolfe***, a panel of this Court extended ***Newman*** and held that a version of 42 Pa.C.S.A. § 9718, which was in effect from January 1, 2007 until August 17, 2014, was unconstitutional under ***Alleyne***.[11] ***Wolfe***, 106 A.3d at 805. In ***Wolfe***, the 18-year-old defendant had sexual intercourse with a 13-year old female; he was then charged with and convicted of IDSI with a person less than 16 years of age, pursuant to 18 Pa.C.S.A. § 3123(a)(7). ***Wolfe***, 106 A.3d at 805. 18 Pa.C.S.A. § 3123(a)(7) provides:

> A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:
>
> . . .
>
> (7) who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other.

18 Pa.C.S.A. § 3123(a)(7).

Following Mr. Wolfe's conviction, the trial court sentenced him to a mandatory minimum, ten-year term of imprisonment for the IDSI conviction, pursuant to the version of 42 Pa.C.S.A. § 9718 that was in effect from

---

[11] At the time ***Wolfe*** was decided, our Supreme Court had yet to decide ***Hopkins***.

January 1, 2007 until August 17, 2014. ***See Wolfe***, 106 A.3d at 800. In relevant part, this version of Section 9718 read:

> **(a) Mandatory sentence.—**
>
> (1) A person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>
> . . .
>
> > 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse) – not less than ten years.
>
> . . .
>
> **(c) Proof at sentencing.--**The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.
>
> **(d) Authority of court in sentencing.--**There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place the offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.
>
> **(e) Appeal by Commonwealth.--**If a sentencing court refuses to apply this section where applicable, the

> Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

42 Pa.C.S.A. § 9718 (effective from January 1, 2007 until August 17, 2014).

On direct appeal, a panel of this Court *sua sponte* considered whether Section 9718 was unconstitutional, and whether Mr. Wolfe's sentence was illegal, in light of **Newman** and **Alleyne**. **Wolfe**, 106 A.3d at 801-802.

To begin, the **Wolfe** Court was cognizant that the "aggravating fact," which triggered Mr. Wolfe's mandatory minimum sentence for IDSI, was that the victim was "under 16 years of age" – and that this particular aggravating fact was "also contained as an element within the subsection of the IDSI statute under which [Mr. Wolfe] was convicted." **Wolfe**, 106 A.3d at 805; **see also** 18 Pa.C.S.A. § 3123(a)(7) ("[a] person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant . . . who is less than 16 years of age"). Thus, the **Wolfe** Court observed, "in order to convict [Mr. Wolfe] of IDSI, the Commonwealth was already required to prove beyond a reasonable doubt that the victim was less than 16 years old." **Wolfe**, 106 A.3d at 805.

However, the mandatory minimum sentencing statute at issue in **Wolfe** followed the same format that was seen in many of Pennsylvania's mandatory minimum sentencing statutes – and the format that the **Newman** Court had already concluded was fatally unconstitutional. Specifically, the version of 42 Pa.C.S.A. § 9718, which was in effect from

- 24 -

January 1, 2007 until August 17, 2014, provided that: the "aggravating facts" contained in the mandatory minimum statute were not elements of the crime; notice of either the "aggravating facts" or of the applicability of the mandatory minimum sentencing statute was not required prior to conviction; the applicability of the mandatory minimum statute was to be determined at sentencing; the Commonwealth need only prove the "aggravating facts" by a preponderance of the evidence; a judge – and not a jury – was to act as the fact-finder for purposes of determining the "aggravated facts;" and, if the "sentencing court refuse[d] to apply [the mandatory minimum sentence] where applicable, the Commonwealth shall have the right to appellate review of the actions of the sentencing court." 42 Pa.C.S.A. § 9718(c)-(e) (effective from January 1, 2007 until August 17, 2014).

As the **Wolfe** Court held, since **Alleyne** rendered the above provisions unconstitutional and since Section 9718 followed "the same format as the [mandatory minimum sentencing] statute[] [that was] struck down as facially unconstitutional in **Newman**," the **Wolfe** Court, too, was required to conclude that Section 9718 was facially unconstitutional. **Wolfe**, 106 A.3d at 805. The **Wolfe** Court explained:

> in this case, although the jury was required to find that the victim was less than 16 years of age in order to convict [Mr. Wolfe], we cannot ignore the binding precedent from an *en banc* decision of this Court. **Newman** stands for the proposition that mandatory minimum sentence statutes in Pennsylvania of this format are void in their entirety. As

- 25 -

> Section 9718 is indistinguishable from the statute[] struck down in **Newman** . . . , we are constrained to conclude that Section 9718 is also facially void. As a result, we conclude the trial court erred in imposing the ten-year mandatory minimum.

**Wolfe**, 106 A.3d at 806 (some internal citations omitted).

In the case at bar, Appellant claims that he is entitled to relief simply because the **Wolfe** Court struck down the particular version of Section 9718 that was at issue in that case. Appellant's Brief at 14. Yet, as was explained above, Appellant was not sentenced under the version of Section 9718 that was struck down in **Wolfe**. Rather, the trial court sentenced Appellant under the version of Section 9718 that was in effect from 1995 until November 29, 2004. In relevant part, this version read:

> **(a) Mandatory sentence.—**
>
> (1) A person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>
> . . .
>
> > 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse) – not less than five years.

42 Pa.C.S.A. § 9718 (effective from 1995 until November 29, 2004).

As can be seen, the version of Section 9718 that was in effect from 1995 until November 29, 2004 did not follow the "same format" as the version of Section 9718 that the **Wolfe** Court struck down – and it did not follow "the same format as the [mandatory minimum sentencing] statute[] [that was] struck down as facially unconstitutional in **Newman**." **Wolfe**,

- 26 -

106 A.3d at 805. Rather, the version of Section 9718 under which Appellant was sentenced is spartan: it simply states the "aggravating fact" (which is also an element of the crime) and then specifies the punishment for violation. Moreover, the version of Section 9718 under which Appellant was sentenced does not contain any provision that the **Newman**, **Wolfe**, or **Hopkins** Courts concluded were unconstitutional. Specifically, the version of Section 9718 that was in effect from 1995 until November 29, 2004 does not contain any provision declaring: "that the [aggravating facts] are declared not to be elements of the offense, that notice is not required prior to conviction, that factfinding is conducted at sentencing, that the sentencing court performs factfinding, that the applicable standard is preponderance of the evidence, [or] that the Commonwealth has the right to appeal where the imposed sentence was found to be in violation of the statute."[12] **Hopkins**, 117 A.3d at 258-259.

Therefore, we conclude that **Wolfe** does not control this case and that **Wolfe** does not invalidate the version of Section 9718 under which Appellant was sentenced. Appellant's sentences for IDSI are thus not illegal under **Wolfe**.

_____

[12] Further, with respect to Appellant's sentences for IDSI, our analysis would not change even if the trial court had sentenced Appellant under the version of Section 9718 that was in effect from November 30, 2004 until December 31, 2006. To be sure, 42 Pa.C.S.A. § 9718(c), (d), and (e) did not become effective until **January 1, 2007**.

We also conclude that Appellant's sentences for IDSI are not illegal under **Alleyne**.[13]  In this case, Appellant was convicted of IDSI with a person less than 13 years of age (18 Pa.C.S.A. § 3123(a)(6)).  This statute provides:

> § 3123. Involuntary deviate sexual intercourse.
>
> (a) Offense defined.--A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:
>
> . . .
>
>     (6) who is less than 13 years of age[.]

18 Pa.C.S.A. § 3123(a)(6) (effective from 1995 until February 6, 2003).

Appellant's mandatory minimum sentence for IDSI was triggered simply by virtue of the fact that the "victim [wa]s under 16 years of age" – and this fact was an element of Appellant's conviction for IDSI with a person who is "less than 13 years of age."  42 Pa.C.S.A. § 9718(a)(1) (effective

_____

[13] Although Appellant's direct appeal was not literally pending at the time **Alleyne** was decided, it is well-settled that Appellant is entitled to whatever benefit the constitutional rule announced in **Alleyne** would bring him, as this is a *nunc pro tunc* direct appeal from Appellant's judgment of sentence. **Commonwealth v. Little**, 248 A.2d 32 (Pa. 1968) (the appellant was entitled to benefit from the rule announced in the 1966 **Miranda** decision, in a "*nunc pro tunc* [direct] appeal of a case tried on April 17, 1964"); **Commonwealth v. McCloud**, 383 A.2d 894 (Pa. 1978) ("[the Pennsylvania Supreme Court] has held that the [**Commonwealth v. McCutchen**, 343 A.2d 669 (Pa. 1975)] line of cases is to be applied to cases on direct appeal. The same is true where, by post conviction relief, a petitioner is granted a direct appeal as if timely filed as here"); **Commonwealth ex rel. Smith v. Meyers**, 261 A.2d 550 (Pa. 1970).

from 1995 until November 29, 2004) ("[a] person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows: . . . 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse) – not less than five years"). Thus, in this case, Appellant had notice, "*ex ante*, [of] the contours of the penalty that the legislature affixed to" his crimes and application of the mandatory minimum sentencing statute was dependent solely upon Appellant's conviction for the crimes at trial, by a jury, based upon proof of all facts beyond a reasonable doubt. *Alleyne*, 113 S.Ct. at 2160-2161 and 2163. Appellant's mandatory minimum sentences for IDSI thus do not offend *Alleyne* and Appellant's sentences for IDSI are not illegal. Appellant's claim to the contrary fails.

However, since the trial court ordered that all of Appellant's sentences be served consecutive to one another, our action – in vacating Appellant's sentences for aggravated indecent assault of a person less than 13 years of age (18 Pa.C.S.A. § 3125(a)(7)) – might have disturbed the trial court's overall sentencing scheme. Therefore, we vacate Appellant's judgment of sentence and remand for resentencing. *Commonwealth v. Williams*, 997 A.2d 1205, 1210-1211 (Pa. Super. 2010) ("if a correction by this Court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand [for resentencing]") (internal quotations, citations, and corrections omitted).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

President Judge Gantman joins this memorandum.

Judge Platt files a Concurring and Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2016